DA 16-0212

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 287N

STATE OF MONTANA,

       Plaintiff and Appellee,

   v.

DAVID JOHN WENDEL,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 14-119CX
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Chad Wright, Chief Appellate Defender, James R. Reavis, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

           Marty Lambert, Gallatin County Attorney, Russell A. Hart, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  August 30, 2017

Decided:  November 21, 2017

Filed:

                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Wendel (Wendel) appeals from a January 22, 2016 District Court order denying in part his motion in limine seeking to exclude evidence of a prior bad act. We affirm.

¶3 On December 27, 2012, Wendel left a message with the Gallatin County Animal Control. He complained a German Shepard dog was at large on his property, which he believed was owned by his neighbors, Doug and Cindy Baier, that the dog was vicious and scratched him, and that he did not have the dog contained but did have the animal in pictures.

¶4 On December 29, 2012, the Baiers reported that Wendel might have possession of or killed their German Shepard, Token. Deputy Michael Van Meter (Van Meter) was dispatched to investigate. Baier explained to Van Meter that he suspected Wendel had the dog because there had been problems with Wendel regarding the Baiers' other dogs in the past. Specifically, two years earlier, Wendel had placed bowls of anti-freeze with raw meat in them around his property. Additionally, Wendel was on probation for an incident regarding the dog where Wendel shot a gun at or near Doug Baier.

2

¶5 Doug Baier showed Van Meter dog paw prints which led onto Wendel's property. Following the tracks, they encountered Wendel's tenant, who stated Wendel had been on the property but left for a few days. Van Meter noticed several paw prints around the building as well as blood and trash bags containing the carcass of a raptor. Van Meter proceeded to get authorization from Wendel's probation officer to search inside the residence.

¶6 Inside the residence, Van Meter found Token locked in a small closet without food or water and about 20 degrees Fahrenheit. Token seemed unharmed and no animal feces or urine were found in the closet. Van Meter found what he testified to be anti-freeze in a bowl outside of the closet. Subsequently, a Montana Fish, Wildlife, and Parks game warden interviewed Wendel regarding the raptor. In that interview, Wendel admitted to trying to catch a dog matching Token's description, but the dog ran off.

¶7 The State charged Wendel with Cruelty to Animals, Theft, and Possession of a Wild Bird in Justice Court. Wendel filed a motion to exclude evidence about the anti-freeze bowls with meat in them. The Justice Court admitted the evidence and a jury convicted Wendel of Cruelty to Animals and Possession of a Wild Bird. Wendel moved for a trial de novo in the District Court.

¶8 In the District Court, Wendel filed two motions in limine based on M. R. Evid. 403 seeking to exclude multiple items of evidence including the previous anti-freeze incident. The District Court denied his motion regarding the anti-freeze incident. On January 29, 2016, after a two-day trial, the jury found Wendel guilty of Cruelty to Animals and acquitted him of Possession of a Wild Bird. Wendel appeals.

3

¶9     A trial court has broad discretion in determining the relevance and admissibility of evidence. Thus, we generally review evidentiary rulings for an abuse of discretion. A court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *State v. Passmore*, 2010 MT 34, ¶ 51, 355 Mont. 187, 225 P.3d 1229.

¶10     Wendel argues the District Court denied him a fair trial when it denied his motion in limine to exclude evidence of a prior incident where Wendel placed pans of anti-freeze with raw meat in them around his property. This evidence, Wendel asserts, was used to attack his character in violation of M. R. Evid. 404, and not for an admissible purpose to explain motive, preparation, plan, knowledge, or identity. The State asserts the anti-freeze incident was properly admitted as evidence of motive, intent, and identity.

¶11     All relevant evidence is admissible unless a rule of evidence precludes its admission. M. R. Evid. 402. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." M. R. Evid. 404(b). However, such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." M. R. Evid. 404(b). "The distinction between admissible and inadmissible Rule 404(b) evidence turns on the intended purpose of the evidence, not its substance." *State v. Daffin*, 2017 MT 76, ¶ 15, 387 Mont. 154, 392 P.3d 150.

¶12     Here, the District Court determined that evidence of Wendel's past conduct of placing bowls of anti-freeze laced with raw meat around his property was admissible

4

because the evidence "matches his action in this case to show identity . . . as well as motive, and again adds to the probability that he knowingly attempted to harm the animal in question, took steps to prepare to do such, and he planned to do it." Moreover, the District Court found that Wendel's previous actions and "that another bowl of what appeared to be anti-freeze was found next to the room where the dog was contained, would lend credence to Defendant's identity as the person who locked the dog up." The District Court did not abuse its discretion when it denied Wendel's motion in limine to exclude evidence of Wendel's prior bad act of placing bowls of anti-freeze laced with raw meat around his property, as it was properly used to show motive, intent, and identity.

¶13 On appeal, Wendel argues that during trial the prosecution exceeded the evidence's limited purpose to prove motive, identity, and intent. Therefore, he argues, even if relevant and properly admitted under Rule 404, the District Court failed to apply a Rule 403 balancing test, resulting in the admission of evidence that implicated Wendel's character.

¶14 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. M. R. Evid. 403. While probative evidence is generally prejudicial to one side or the other, evidence is unfairly prejudicial if it tempts the jury to decide the case on an improper basis. *State v. Madplume*, 2017 MT 40, ¶ 33, 386 Mont. 368, 390 P.3d 142; *State v. Pulst*, 2015 MT 184, ¶ 19, 379 Mont. 494, 351 P.3d 687. "Even if the evidence is potentially unfairly prejudicial, the

5

M. R. Evid. 403 balancing test favors admission—the risk of unfair prejudice must substantially outweigh the evidence's probative value." *Madplume*, ¶ 33.

¶15    In this case, Wendel's prior conduct with anti-freeze was used as evidence of motive to harm Token:  Wendel's hostility toward dogs and his years of frustration and anger with his perceived ineffectiveness of local agencies to deal with dogs roaming on his property.  Evidence is admissible to show motive when separate acts can be explained by the same motive.  *Daffin*, ¶ 19.  Wendel's prior bad act was used to show he had no concern for the dog's safety, thus making it more likely he knowingly confined the dog without adequate care for the animal.  This evidence also strengthens the likelihood that it was Wendel who placed the dog in the small room.  The trial transcript shows that the prosecutor used the prior act to show motive, intent, and identity.  The District Court had a reasonable basis to conclude the evidence's probative value outweighed the risk of unfair prejudice.  The District Court did not abuse its discretion in admitting Wendel's prior bad act under M. R. Evid. 403.  Because we have determined the evidence was properly admitted we need not address Wendel's harmless error argument.

¶16    Finally, Wendel asserts the District Court erred when it imposed a $100 "prosecution fee" cost, which exceeded the maximum amount provided by statute.  The State concedes the error.  A court may impose costs on a convicted defendant.  Section 46-18-232, MCA.  Costs imposed must be limited to expenses specifically incurred by the prosecution or $100 per felony case or $50 per misdemeanor case, whichever is greater.  Section 46-18-232(1), MCA.  Here, Wendel was convicted of a single misdemeanor.  The District Court incorrectly imposed a $100 prosecution cost on

6

Wendel; the appropriate amount, as established by statute, is $50. This issue is remanded back to the District Court for correction of the judgment.

¶17   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶18   Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR